# EXHIBIT A

ZEICHNER ELLMAN & KRAUSE LLP
730 Third Avenue
New York, New York 10017
(212) 223-0400
Daniel P. Rubel, Esq.
Nathan Schwed, Esq.
drubel@zeklaw.com
nschwed@zeklaw.com

*Counsel to the Foreign Representatives*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **In re** | Case No.: _____ |
| **NEIL BRADBURY a/k/a NICK BRADBURY** | Chapter 15 |
| **Debtor in Foreign Proceedings.** | **DECLARATION OF PAUL COOPER** |

**DECLARATION OF PAUL COOPER IN SUPPORT OF THE VERIFIED PETITION FOR RECOGNITION OF FOREIGN INSOLVENCY PROCEEDING PURSUANT TO SECTIONS 1504, 1509, 1515, 1517, 1520 AND 1521 OF THE BANKRUPTCY CODE**

PAUL COOPER, pursuant to 28 U.S.C. § 1746, declares the following:

1. I am a licensed insolvency practitioner in the United Kingdom and partner in the insolvency and corporate restructuring group of Begbies Traynor Group. I make this declaration, in my role as one of the joint trustees of the Debtor, Neil Bradbury, a/k/a Nick Bradbury (the "**Debtor**" or "**Bradbury**"), for entry of an Order pursuant to Chapter 15 of title 11 of the United States Code, 11 U.S.C. § 101 et seq. (the "**Bankruptcy Code**"): (i) recognizing the Debtor's pending bankruptcy proceeding in the United Kingdom (the "**UK Proceeding**") as a foreign main proceeding under 11 U.S.C. §§ 1502, 1515, 1517(a), (b)(1) and (c); (ii) recognizing myself and Paul Appleton ("**Appleton**") as the foreign representatives of the UK Proceeding under 11 U.S.C. §§ 101(24) and 1517(a)(2); (iii) requiring the turnover of Bradbury's assets pursuant to 11 U.S.C. §§ 542,1521(a)(3), (a)(4), (a)(5), (a)(7) and (b); (iv) permitting the Trustees, pursuant to 11 U.S.C.

1

§§ 1520 and 1521, to conduct discovery directed to anyone reasonably believed by the Trustees to possess information regarding Bradbury's assets/investments, including, among others, Tarmin Inc. ("**Tarmin**"), a company based in Delaware, and Silicon Valley Bank; and (v) granting such other and further relief as the Court may deem just and proper.

2. I am over the age of 18 and I am duly authorized to make this declaration acting in my capacity as joint trustee of the Debtor.

3. Consistent with the role of trustee, I have gained knowledge of the Debtor's financial history, assets, financial condition, business affairs and operations, and books and records. All facts set forth in this Declaration are based upon (a) my personal knowledge; (b) my review of relevant documents and any and all documents prepared and/or filed in connection with the UK Proceeding and the instant Chapter 15 case; (c) information supplied to the Trustees (hereafter defined) by the Debtor and Former Trustees (hereafter defined); (d) based upon my experience and knowledge of the Debtor's assets and financial condition; and/or (e) inquiries of third parties including, among others, Former Trustees, accountants, solicitors and banks regarding Bradbury's asset positions.

4. I am making this Declaration in accordance with the Bankruptcy Code and Rule 1007(a)(4) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

5. Appleton and I (the **"Foreign Representatives"** or "**Trustees**") are the duly appointed joint official trustees in the Debtor's UK Proceeding.

6. Debtor has not retained counsel in the UK Proceeding.

## THE UK PROCEEDING

7. On November 15, 2023, Stephanie Beinart, in her capacity as a creditor, initiated the UK Proceeding by the filing of a petition in the UK Insolvency Court, Insolvency Number

2

0021 of 2023, for the entry of a bankruptcy order against Debtor after he failed to comply with a statutory demand for repayment of debt.

8.      On February 19, 2024, the UK Insolvency Court in the County Court at Yeovil (the "**Yeovil Court**") entered a bankruptcy order, amended as of March 5, 2024 (the "**Yeovil Bankruptcy Order**"), adjudging the Debtor bankrupt. A certified copy of the Yeovil Bankruptcy Order is attached hereto as **Exhibit 1**.

9.      On March 15, 2024, pursuant to Rule 10.72 of the Insolvency (England & Wales) Rules 2016 (the "**Insolvency Rules**"), Grant Noble and Nicholas William Nicholson of Grant Thornton LLP (the "**Former Trustees**") were appointed as the joint trustees for the UK Proceeding by the Yeovil Court. A certified copy of the order evidencing the appointment of the Former Trustees is attached hereto as **Exhibit 2**.

10.     On December 19, 2024, the Former Trustees were removed as trustees in the UK Proceeding. A certified copy of the certificate of removal evidencing the removal of the Former Trustees is attached hereto as **Exhibit 3**.

11.     On December 19, 2024, Appleton and I were appointed as the joint trustees for the UK Proceeding following a decision by creditors to replace the Former Trustees. A certified copy of the order evidencing the appointment of the Trustees is attached hereto as **Exhibit 4.** The documents and records of the Former Trustees concerning the Debtor and the UK Proceeding are now in possession of the Trustees, and have been integrated and onboarded into the Trustees' record keeping systems, such that these documents and records are now part of the Trustees' business records and database.

12.     Appleton and I have acted as Trustees in the UK Proceeding continuously since the date of our appointment.

13. Appleton and I have worked diligently to gather information regarding Bradbury's affairs and have notified all known creditors and interested parties about our appointment.

14. As a matter of UK law, the Foreign Representatives are authorized to commence this Chapter 15 proceeding without further authorization from the Yeovil Court.

15. On January 16, 2025, the Trustees filed an application to move the UK Proceeding from the Yeovil Court to the High Court of Justice in London. This application is currently pending.

## FACTUAL BACKGROUND

16. Following our respective appointments and in accordance with our responsibilities as Trustees under the Insolvency Rules, both the Former Trustees and Foreign Representatives began investigating the Debtor's affairs, assets, and liabilities.

17. The Former Trustees interviewed persons with knowledge of the Debtor's financial affairs, property and dealings, and made inquiries of third parties including accountants, solicitors and banks to more fully understand Bradbury's assets and liabilities.

18. Presently, the Trustees estimate Bradbury's liabilities to his creditors in the sum of £16,319,190.

19. As part of the investigation into the Debtor's financial affairs, the Former Trustees received disclosure of Bradbury's bank statements for Coutts & Co. bank account ending in 9201 (the **"Coutts Account"**).

20. The Former Trustees' analysis of Bradbury's solely owned Coutts Account revealed a series of 18 transfers by Bradbury totaling £1,324,283.66 between July 5, 2019 and April 6, 2021 into Tarmin's Silicon Valley Bank account ("**SVB Account**"). Based on the Former Trustees' review of the bank statements for the Coutts Accounts, in the ordinary course of business,

4

the Former Trustees prepared a schedule of the 18 transfers made by Bradbury to Tarmin's SVB Account, including the dates, amounts, and exchange rates, which was made a part of the Former and now the Current Trustee's business records and are attached hereto as **Exhibit 5**.

21.     The Former Trustees did not identify the use of any of Bradbury's other accounts to make transfers to Tarmin other than from his Coutts Account.

22.     On its website, Tarmin proclaims to provide solutions to businesses around data access, storage, risk, analytics, backups, recovery and optimization.

23.     Based on our investigation, the Trustees are of the opinion that Bradbury's transfers to Tarmin were intended to be investments in Tarmin, either debt or equity.

24.     However, the Trustees have been unable to identify any signed loan agreements or share certificates to determine Bradbury's stake or interest in Tarmin.

25.     Based on our investigation, the Trustees determined that there is minimal documentation regarding Bradbury's investment in Tarmin. As a result, we are unable to ascertain whether there has been or will be any return on the investment or the amount of such a return. The Trustees believe that: (a) Bradbury was introduced to the Tarmin investment by his close associate and financial advisor, Mark Faulkner; (b) Bradbury understood Tarmin to be an IT company developing software and that its founder and CEO is Shahbaz Ali ("**Ali**"); (c) Shoaib Anwar ("**Anwar**") is Tarmin's accountant, as evidenced by his signature in email correspondence with the Former Trustees; (d) Tarmin went into liquidation in the UK in January 2009 and its assets were purchased by Ali; (e) Bradbury was led to believe that he would receive a return on his investment when Tarmin was to be acquired by a United Arab Emirates based entity entitled called WS Ventures Limited ("**WS Ventures**"); and (f) the acquisition of Tarmin by WS Ventures was intended to increase the value of Debtor's investment. To date, the acquisition has not taken place.

5

26. In his written correspondence with the Former Trustees, Anwar confirmed that: (i) Bradbury made 18 transfers to Tarmin's SVB Account; (ii) on the same day Tarmin received funds from Bradbury in its SVB Account, Bradbury and his associates instructed that said funds be transferred to the account of the ultimate "recipient"; and (iii) Tarmin's bank account was used exclusively to facilitate the transfer of Bradbury's funds to the ultimate "recipients" on the same day they were received by Tarmin.

27. The purpose of this recognition action is to, *inter alia*, collect transactional data related to the funds received by Tarmin from Bradbury. The Trustees aim to conduct a comprehensive review and investigation to determine whether the funds from the 18 transactions can be traced to identify if Bradbury has assets in the United States.

28. The Trustees seek to conduct discovery to acquire additional transactional data relating to Bradbury's transfers, as well as investigating the onward tracing of funds, which are assets of the bankruptcy estate.

29. To that end, the Trustees request recognition of the UK Proceeding, as a foreign main proceeding regarding the Bradbury estate, primarily to obtain this Court's assistance in obtaining discovery into Debtor's interest in Tarmin and transfers made by the Debtor to Tarmin's SVB Account.

30. In addition, the Trustees seek to ascertain if the Debtor has any other assets in the United States in order to administer the Debtor's Insolvency as ordered by the Yeovil Court in the UK Proceeding.

**Appointment as Foreign Representatives and Filing of the Chapter 15 Petition**

31. Appleton and I have been informed by counsel that a Chapter 15 proceeding is commenced by the filing of a petition for recognition (and related documents) by the "foreign representative."

32. We are further informed that under section 1516(a) of the Bankruptcy Code a bankruptcy court may presume that the person petitioning for Chapter 15 recognition is a foreign representative if the decision or certificate from the foreign court so indicates.

33. We understand that "foreign representative" is defined in section 101(24) of the Bankruptcy Code to mean: "...a person or body, including a person or body appointed on an interim basis, authorized in a foreign proceeding to administer the reorganization or the liquidation of the debtor's assets or affairs or to act as a representative of such foreign proceeding."

34. Appleton and I have been appointed as joint trustees of the Debtor for the purposes of the Debtor's bankruptcy. We are conferred with authority to, *inter alia*, investigate the Debtor's financial affairs and dispose of Debtor's assets at the highest possible value, in order to protect creditor's rights and claims, and provide a maximum return to the creditors. This may include identifying all of the Debtor's assets and pursuing all potential causes of action.

35. In light of the statutory presumption embodied in section 1516(a) of the Bankruptcy Code noted above and the Bankruptcy Code's definition of "foreign representative," I believe that Appleton and I are foreign representatives of the UK Proceeding.

36. The Trustees have satisfied Section 109(a) of the Bankruptcy Code as the Debtor has property in the United States in the form of a $10,000 retainer (the "**Retainer**") that was transferred to our United States counsel, Zeichner Ellman & Krause LLP, and deposited in a client trust account

7

with a New York Bank in this District. The Retainer is the Debtor's sole asset located in the United States and Debtor does not have any place of business in the United States.

37. As a matter of UK law, the Foreign Representatives are authorized to commence this Chapter 15 proceeding without further authorization of the UK Court.

38. Therefore, on the date hereof, in our capacities as Foreign Representatives, we caused to be filed the Chapter 15 Petition pursuant to sections 1504 and 1515 of the Bankruptcy Code commencing this Chapter 15 case in the Southern District of New York, seeking recognition of the UK Proceeding as a "foreign main proceeding," as such term is defined in section 1502(4) of the Bankruptcy Code.

39. I believe that recognizing the Trustees as "foreign representatives as defined in section 101(24) of the Bankruptcy Code" is warranted and recognition of the UK Proceeding as a "foreign main proceeding" is consistent with the purpose of Chapter 15.

**The UK Proceeding as A Foreign Main Proceeding**

40. For the reasons set forth below, I believe that the UK Proceeding is a "foreign main proceeding" within the meaning of section 1502(4) of the Bankruptcy Code.

41. I am informed that "foreign proceeding" is defined in section 101(23) of the Bankruptcy Code to mean:

> "...a collective judicial or administrative proceeding in a foreign country, including an interim proceeding, under a law relating to insolvency or adjustment of debt in which proceeding the assets and affairs of the Debtors are subject to control or supervision by a foreign court, for the purpose of reorganization or liquidation."

11 U.S.C. § 101(24).

8

42. The UK Proceeding is a collective judicial proceeding in the UK, which has exclusive jurisdiction to hear and determine any suit, action, or other proceeding and to settle any dispute which arises out of or in connection with the UK Proceeding. The UK Proceeding is governed by UK statutes applicable to insolvencies and debt restructurings, mainly the Insolvency Act of 1986, the primary legislation governing formal insolvency proceedings in England and Wales. In the UK Proceeding, the Debtor's assets and affairs are subject to the control or supervision of the Yeovil Court and the purpose is to satisfy the Debtor's debts.

43. Administration cases in England and Wales are court-supervised, collective insolvency proceedings and afford creditors a full and fair opportunity to be heard in a manner consistent with U.S. due process standards.

44. I am also informed that section 1517(b)(1) of the Bankruptcy Code provides that a foreign proceeding shall be recognized as a "foreign main proceeding" if the foreign proceeding is pending in the country where the debtor has "the center of its main interests" **("COMI")**. COMI is not defined in Chapter 15, but I am informed that section 1516(c) of the Bankruptcy Code provides that "[i]n the absence of evidence to the contrary, the debtor's registered office, or habitual residence in the case of an individual, is presumed to be the center of the debtor's main interests."

45. The Debtor clearly maintains his habitual residence in the UK with a permanent address located in England at East Lydford Hall, Lydford, Somerton, TA11 7DR.[1]

**Compliance with Federal Rule of Bankruptcy Procedure 1007(a)(4)**

46. Pursuant to Federal Rule of Bankruptcy Procedure 1007(a)(4), I hereby disclose the following information:

---

[1] Due to a fire at the Debtor's residence, the Debtor is currently residing at the following address located in England, 1 The Walled Garden, Rousdon, Lyme Regis, Dorset, DT7 3XR.

9

a. Appleton and I are the duly appointed trustees in the bankruptcy of Neil Bradbury, a/k/a Nick Bradbury and the authorized foreign representatives of the Debtor.

b. The Foreign Representatives' address is as follows:

> Attn: Paul Cooper and Paul Appleton
> Begbies Traynor Group (London) LLP
> 31st Floor
> 40 Bank Street
> London, United Kingdom
> E14 5NR

For purposes of this proceeding, I respectfully request that any correspondence be sent, in addition to the address provided above, to:

> Attn: Daniel P. Rubel and Nathan Schwed
> Zeichner Ellman & Krause LLP
> 730 Third Avenue, 16th Floor
> New York, New York 10017

47. Neither I nor Appleton are aware of any foreign proceedings with respect to Bradbury other than the UK Proceeding.

48. Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: January 28, 2025

_____
PAUL COOPER
Joint Trustee of the
Bankruptcy Estate of Neil Bradbury,
a/k/a Nick Bradbury

4918-6648-7821, v. 6

10